JS 44-TXND (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Securus Technologies, Inc.

## DEFENDANTS
Global Tel*Link Corporation

**(b)** County of Residence of First Listed Plaintiff   Dallas County, Texas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Fairfax County, Virginia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gruber Hurst Johansen Hail Shank LLP
1445 Ross Avenue, Suite 2500
Dallas, Texas 75202

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☒ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
35 U.S.C. 101

Brief description of cause:
Patent infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY
*(See instructions):*

JUDGE   Ed Kinkeade

DOCKET NUMBER   13-cv-3009 & 14-cv-0829

DATE   12/1/14

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURUS TECHNOLOGIES, INC.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **GLOBAL TEL*LINK CORPORATION** | § | |
| | § | |
| **Defendant.** | § | **Jury Trial Requested** |

**PLAINTIFF'S ORIGINAL COMPLAINT
FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiff Securus Technologies, Inc. files this Original Complaint for Patent Infringement and Demand for Jury Trial against Defendant Global Tel*Link Corporation and alleges as follows:

**I.
PARTIES**

1.      Plaintiff Securus Technologies, Inc. ("Securus") is a Delaware corporation with its principal place of business in Dallas, Texas.

2.      Defendant Global Tel*Link Corporation is a Delaware Corporation with a principal place of business at 2609 Cameron Street, Mobile, Alabama 36607 and an executive corporate office at 12021 Sunset Hills Road, Suite 100, Reston, Virginia 20190. Defendant GTL may be served with process by serving its registered agent in the State of Texas, Incorp Services, Inc., at its registered agent address, 815 Brazos Street, Suite 500, Austin, Texas 78701.

**II.**
**JURISDICTION AND VENUE**

3.     This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* This Court has original and exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

4.     Upon information and belief, Defendant GTL has an established place of business, regularly transacts business in, and has committed and/or induced acts of patent infringement within the State of Texas and, upon information and belief, within the Northern District of Texas. Defendant GTL is, therefore, subject to the personal jurisdiction of this Court.

5.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

**III.**
**PATENT INFRINGEMENT**

6.     United States Patent No. 7,899,167 (the "'167 Patent") entitled "Centralized call processing" was duly and legally issued by the United States Patent and Trademark Office on March 1, 2011, after full and fair examination. Securus is the assignee of all rights, title, and interest in and to the '167 Patent, and possesses all rights of recovery, including the right to recover all past damages under the '167 Patent. A copy of the '167 Patent is attached as Exhibit "A."

7.     United States Patent No. 7,860,222 (the "'222 Patent") entitled "Systems and methods for acquiring, accessing, and analyzing investigative information" was duly and legally issued by the United States Patent and Trademark Office on December 28, 2010, after full and fair examination. Securus is the assignee of all rights, title, and interest in and to the '222 Patent, and possesses all rights of recovery, including the right to recover all past damages under the '222 Patent. A copy of the '222 Patent is attached as Exhibit "B."

8.      United States Patent No. 8,031,850 (the "'850 Patent") entitled "Systems and methods for visitation terminal user identification" was duly and legally issued by the United States Patent and Trademark Office on October 4, 2011, after full and fair examination. Securus is the assignee of all rights, title, and interest in and to the '850 Patent, and possesses all rights of recovery, including the right to recover all past damages under the '850 Patent. A copy of the '850 Patent is attached as Exhibit "C."

9.      United States Patent No. 7,805,457 (the "'457 Patent") entitled "System and method for identifying members of a gang or security threat group" was duly and legally issued by the United States Patent and Trademark Office on September 28, 2010, after full and fair examination. Securus is the assignee of all rights, title, and interest in and to the '457 Patent, and possesses all rights of recovery, including the right to recover all past damages under the '457 Patent. A copy of the '457 Patent is attached as Exhibit "D."

10.     Plaintiff Securus makes, uses, sells, and offers to sell to the inmate telecommunications industry specialized call-processing and billing equipment and services for correctional institutions, direct local and long-distance call processing for correctional facilities, value-added telecommunications services such as pre-connection restrictions, digital recording, inmate management systems, video booking, video visitation, investigative services, and other related goods and services, including commissary services.

11.     Defendant GTL makes, manufactures, uses, sells, or offers to sell specialized telephone call-processing and billing equipment and/or services for correctional institutions in competition with Securus. On information and belief, Defendant GTL by making, using, selling, or offering to sell in the United States on its own behalf, without authority, products and services, including its inmate telephone system and inmate telephone services, and other inmate

correctional facility related services, including, without limitation, telephone call processing, video visitation and investigative services, including, but not limited to, its Inmate Telephone System (ITS), including GTL's "Focus" platform, GTL Lazernet Platform, LazerPhone, Inmate Calling Manager (ICMv), Call IQ, and/or GTL Data IQ (collectively, the "GTL Call Management Products and Services"), has directly and indirectly infringed (by inducement) and is continuing to infringe, directly and indirectly, the '167 Patent, the '222 Patent, the '850 Patent, and the '457 Patent (the "Asserted Patents") within the United States.

## IV.
## CAUSES OF ACTION
### Count One – Infringement of the '167 Patent

12.     Securus re-alleges and incorporates by reference paragraphs 1-11 above.

13.     Securus is the sole owner of the entire right, title, and interest in the '167 Patent, including the right to bring suit and recover damages for past infringement.

14.     GTL has been aware of the '167 Patent since, at the latest, the date of service of Plaintiff's Original Complaint for Patent Infringement and Demand for Jury Trial (Dkt. 1) filed in *Securus Technologies, Inc. v. Global Tel*Link Corporation*, No. 3:13-cv-03009-K (N.D. Tex. Aug. 2, 2013) (the "3:13-cv-3009 Action").

15.     Defendant GTL has infringed, literally and/or under the doctrine of equivalents, and continues to directly and indirectly infringe one or more claims of the '167 Patent by, among other things, making, manufacturing, using, selling, or offering to sell goods and services, as stated above, that practice the '167 Patent in violation of 35 U.S.C. § 271.

16.     On information and belief, GTL has induced and continues to induce others to infringe one or more claims of the '167 Patent in violation of 35 U.S.C. § 271(b) by, with specific intent or willful blindness, actively aiding and abetting others to directly infringe the

'167 Patent, including without limitation by: (1) performing the steps of the method claims in connection with the GTL Call Management Products and Services; (2) using the GTL Call Management Products and Services; and (3) combining the GTL Call Management Products and Services with each other and with other components, such as third party software, to make and use the claimed inventions in the United States. These other entities include GTL's customers and end users of the GTL Call Management Products and Services, including, but not limited to, correctional facilities.  GTL actively induces these other entities to engage in these actions by responding to correctional facilities' requests for proposals, such as GTL's response, dated October 11, 2013, to the request for proposal issued by Miami-Dade County, Florida and GTL's response, dated November 13, 2013, to the request for proposal issued by Utah County, Utah; by advertising, offering for sale, and selling the GTL Call Management Products and Services, such as, based on information and belief, in Miami-Dade County, Florida and Utah County, Utah; by configuring the GTL Call Management Products and Services so that they will result in infringement when employed for their intended use, such as, based on information and belief, in Miami-Dade County, Florida and Utah County, Utah; and by providing user manuals, product documentation, and other instructions regarding the use of and promotional materials to practice the patented invention, such as, based on information and belief, in Miami-Dade County, Florida and Utah County, Utah. On information and belief, at the latest, from the date of service of Plaintiff's Original Complaint for Patent Infringement and Demand for Jury Trial in the 3:13-cv-3009 Action forward, GTL's continued engagement in such actions is with specific intent to cause infringement or with willful blindness to the resulting infringement because GTL has actual knowledge of the '167 Patent and that its acts are inducing infringement of the '167 Patent.

## Count Two – Infringement of the '222 Patent

17.    Securus re-alleges and incorporates by reference paragraphs 1-11 above.

18.    Securus is the sole owner of the entire right, title, and interest in the '222 Patent, including the right to bring suit and recover damages for past infringement.

19.    GTL has been aware of the '222 Patent since, at the latest, the date of service of Plaintiff's Original Complaint for Patent Infringement and Demand for Jury Trial in the 3:13-cv-3009 Action.

20.    Defendant GTL has infringed, literally and/or under the doctrine of equivalents, and continues to directly and indirectly infringe one or more claims of the '222 Patent by, among other things, making, manufacturing, using, selling, or offering to sell goods and services, as stated above, that practice the '222 Patent in violation of 35 U.S.C. § 271.

21.    On information and belief, GTL has induced and continues to induce others to infringe on one or more claims of the '222 Patent in violation of 35 U.S.C. § 271(b) by, with specific intent or willful blindness, actively aiding and abetting others to directly infringe the '222 Patent, including without limitation by: (1) performing the steps of the method claims in connection with the GTL Call Management Products and Services; (2) using the GTL Call Management Products and Services; and (3) combining the GTL Call Management Products and Services with each other and with other components, such as third party software, to make and use the claimed inventions in the United States. These other entities include GTL's customers and end users of the GTL Call Management Products and Services, including, but not limited to, correctional facilities.  GTL actively induces these other entities to engage in these actions by responding to correctional facilities' requests for proposals, such as GTL's response, dated October 11, 2013, to the request for proposal issued by Miami-Dade County, Florida and GTL's

response, dated November 13, 2013, to the request for proposal issued by Utah County, Utah; by advertising, offering for sale, and selling the GTL Call Management Products and Services, such as, based on information and belief, in Miami-Dade County, Florida and Utah County, Utah; by configuring the GTL Call Management Products and Services so that they will result in infringement when employed for their intended use, such as, based on information and belief, in Miami-Dade County, Florida and Utah County, Utah; and by providing user manuals, product documentation, and other instructions regarding the use of and promotional materials to practice the patented invention, such as, based on information and belief, in Miami-Dade County, Florida and Utah County, Utah. On information and belief, at the latest, from the date service of Plaintiff's Original Complaint for Patent Infringement and Demand for Jury Trial in the 3:13-cv-3009 Action forward, GTL's continued engagement in such actions is with specific intent to cause infringement or with willful blindness to the resulting infringement because GTL has actual knowledge of the '222 Patent and that its acts are inducing infringement of the '222 Patent.

## Count Three – Infringement of the '850 Patent

22.     Securus re-alleges and incorporates by reference paragraphs 1-11 above.

23.     Securus is the sole owner of the entire right, title, and interest in the '850 Patent, including the right to bring suit and recover damages for past infringement.

24.     GTL has been aware of the '850 Patent since, at the latest, the date service of Plaintiff's Original Complaint for Patent Infringement and Demand for Jury Trial in the 3:13-cv-3009 Action.

25.     Defendant GTL has infringed, literally and/or under the doctrine of equivalents, and continues to directly and indirectly infringe one or more claims of the '850 Patent by, among

other things, making, manufacturing, using, selling, or offering to sell goods and services, as stated above, that practice the '850 Patent in violation of 35 U.S.C. § 271.

26.     On information and belief, GTL has induced and continues to induce others to infringe on one or more claims of the '850 Patent in violation of 35 U.S.C. § 271(b) by, with specific intent or willful blindness, actively aiding and abetting others to directly infringe the '850 Patent, including without limitation by: (1) performing the steps of the method claims in connection with the GTL Call Management Products and Services; (2) using the GTL Call Management Products and Services; and (3) combining the GTL Call Management Products and Services with each other and with other components, such as third party software, to make and use the claimed inventions in the United States. These other entities include GTL's customers and end users of the GTL Call Management Products and Services, including, but not limited to, correctional facilities.  GTL actively induces these other entities to engage in these actions by responding to correctional facilities' requests for proposals, such as GTL's response, dated October 11, 2013, to the request for proposal issued by Miami-Dade County, Florida and GTL's response, dated November 13, 2013, to the request for proposal issued by Utah County, Utah; by advertising, offering for sale, and selling the GTL Call Management Products and Services, such as, based on information and belief, in Miami-Dade County, Florida and Utah County, Utah; by configuring the GTL Call Management Products and Services so that they will result in infringement when employed for their intended use, such as, based on information and belief, in Miami-Dade County, Florida and Utah County, Utah; and by providing user manuals, product documentation, and other instructions regarding the use of and promotional materials to practice the patented invention, such as, based on information and belief, in Miami-Dade County, Florida and Utah County, Utah. On information and belief, at the latest, from the date of service of

Plaintiff's Original Complaint for Patent Infringement and Demand for Jury Trial in the 3:13-cv-3009 Action forward, GTL's continued engagement in such actions is with specific intent to cause infringement or with willful blindness to the resulting infringement because GTL has actual knowledge of the '850 Patent and that its acts are inducing infringement of the '850 Patent.

## Count Four – Infringement of the '457 Patent

27.    Securus re-alleges and incorporates by reference paragraphs 1-11 above.

28.    Securus is the sole owner of the entire right, title, and interest in the '457 Patent, including the right to bring suit and recover damages for past infringement.

29.    GTL has been aware of the '457 Patent since, at the latest, the date of service of Plaintiff's Original Complaint for Patent Infringement and Demand for Jury Trial in the 3:13-cv-3009 Action.

30.    Defendant GTL has infringed, literally and/or under the doctrine of equivalents, and continues to directly and indirectly infringe one or more claims of the '457 Patent by, among other things, making, manufacturing, using, selling, or offering to sell goods and services, as stated above, that practice the '457 Patent in violation of 35 U.S.C. § 271.

31.    On information and belief, GTL has induced and continues to induce others to infringe on one or more claims of the '457 Patent in violation of 35 U.S.C. § 271(b) by, with specific intent or willful blindness, actively aiding and abetting others to directly infringe the '457 Patent, including without limitation by: (1) performing the steps of the method claims in connection with the GTL Call Management Products and Services; (2) using the GTL Call Management Products and Services; and (3) combining the GTL Call Management Products and Services with each other and with other components, such as third party software, to make and

use the claimed inventions in the United States. These other entities include GTL's customers and end users of the GTL Call Management Products and Services, including, but not limited to, correctional facilities.  GTL actively induces these other entities to engage in these actions by responding to correctional facilities' requests for proposals, such as GTL's response, dated October 11, 2013, to the request for proposal issued by Miami-Dade County, Florida and GTL's response, dated November 13, 2013, to the request for proposal issued by Utah County, Utah; by advertising, offering for sale, and selling the GTL Call Management Products and Services, such as, based on information and belief, in Miami-Dade County, Florida and Utah County, Utah; by configuring the GTL Call Management Products and Services so that they will result in infringement when employed for their intended use, such as, based on information and belief, in Miami-Dade County, Florida and Utah County, Utah; and by providing user manuals, product documentation, and other instructions regarding the use of and promotional materials to practice the patented invention, such as, based on information and belief, in Miami-Dade County, Florida and Utah County, Utah. On information and belief, at the latest, from the date of service of Plaintiff's Original Complaint for Patent Infringement and Demand for Jury Trial in the 3:13-cv-3009 Action forward, GTL's continued engagement in such actions is with specific intent to cause infringement or with willful blindness to the resulting infringement because GTL has actual knowledge of the '457 Patent and that its acts are inducing infringement of the '457 Patent.

## V.
## REMEDIES

32.    As a direct and proximate consequence of the acts and practices of Defendant GTL in infringing and/or inducing the infringement of one or more claims of the Asserted Patents, Securus has been damaged in an amount to be determined at trial and will continue to be

damaged in its business and property rights as a result of Defendant GTL's infringing activities, unless such activities are enjoined by this Court. Pursuant to 35 U.S.C. § 284, Securus is entitled to damages adequate to compensate for the infringement, including, *inter alia*, lost profits and/or a reasonable royalty.

33.     By reason of its infringing acts and practices, Defendant GTL is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Securus for which there is no adequate remedy at law, and for which Securus is entitled to injunctive relief under 35 U.S.C. § 283. Securus, therefore, requests a permanent injunction prohibiting Defendant GTL, its directors, officers, employees, agents, parents, subsidiaries, affiliates, and anyone else in active concert or participation with it from infringement, inducement to infringe, or contributory infringement of the Asserted Patents, including the making, manufacture, use, sale, offer for sale, distribution, or promotion of products and/or services falling within the scope of the claims of the Asserted Patents.

34.     To the extent that facts learned during the pendency of this case show that Defendant GTL's infringement is willful and deliberate, Securus reserves the right to amend this complaint and request such a finding and seek appropriate relief at time of trial.

## VI.
## COSTS, INTEREST AND ATTORNEY'S FEES

35.     If it be determined that this case presents exceptional circumstances within the meaning of 35 U.S.C. § 285, Securus requests the Court award it all reasonable attorney's fees and costs incurred in this litigation and pre-judgment and post-judgment interest pursuant to 35 U.S.C. §§ 284 and 285.

## VII.
## JURY DEMAND

36.     Securus requests a jury trial of all issues in this action so triable.

## VIII.
## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Securus respectfully requests the following relief:

1.      A judgment that Defendant GTL has infringed, directly and/or indirectly, the '167 Patent;

2.      A judgment that Defendant GTL has infringed, directly and/or indirectly, the '222 Patent;

3.      A judgment that Defendant GTL has infringed, directly and/or indirectly, the '850 Patent;

4.      A judgment that Defendant GTL has infringed, directly and/or indirectly, the '457 Patent;

5.      A judgment and order permanently enjoining Defendant GTL and its directors, officers, employees, agents, parents, subsidiaries, affiliates, and all persons in active concert or participation with it from infringement, inducement to infringe, or contributory infringement of the Asserted Patents, including the making, manufacture, use, sale, offer for sale, distribution, or promotion of products and/or services falling within the scope of the claims of the Asserted Patents pursuant to 35 U.S.C. § 283;

6.      A judgment and order requiring Defendant GTL to pay Securus damages sufficient to compensate them for the infringement of the Asserted Patents, in an amount not less than Securus' lost profits and/or a

reasonable royalty and interest and costs, pursuant to 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of final judgment with an accounting, as needed;

7. A judgment and order awarding enhanced damages, pursuant to 35 U.S.C. § 284, to the extent that Defendant GTL's acts of infringement of the Asserted Patents are determined to be willful;

8. An award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the Asserted Patents by Defendant GTL to the day on which judgment for damages is entered, and a further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid;

9. An award of all costs and reasonable attorney's fees against Defendant GTL, pursuant to 35 U.S.C. §§ 284 and 285, based on its infringement of the Asserted Patents;

10. Such other and further relief to which Securus may be entitled.

Dated:  December 1, 2014                    Respectfully submitted,


                                            /s/ *Anthony J. Magee*_____
                                            G. Michael Gruber
                                               Texas Bar No. 08555400
                                               mgruber@ghjhlaw.com
                                            Anthony J. Magee
                                               Texas Bar No. 00786081
                                               amagee@ghjhlaw.com
                                            Robert E. Weitzel
                                               Texas Bar No. 24070823
                                               rweitzel@ghjhlaw.com
                                            **GRUBER HURST JOHANSEN HAIL SHANK LLP**
                                            Fountain Place
                                            1445 Ross Avenue, Suite 2500
                                            Dallas, Texas 75202
                                            (214) 855-6800
                                            (214) 855-6808 (fax)


                                            **ATTORNEYS FOR PLAINTIFF**
                                            **SECURUS TECHNOLOGIES, INC.**